IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

MALIBU MEDIA, LLC,

    Plaintiff,

    v.                                     Case No. 2:13-cv-01230-RTR

JEFFREY MILLER,

    Defendant.

---

## MOTION FOR LEAVE TO RESUME ANONYMOUS STATUS PURSUANT TO FED. R. CIV. P. 8, AND MOTION TO SEAL DOCUMENTS IDENTIFYING DEFENDANT BY NAME

COMES NOW Defendant Jeffrey Miller, by and through counsel, and in support of his Motion for Leave to Proceed Anonymously and Motion to Seal Documents shows the Court as follows:

I. INTRODUCTION

Malibu Media is a California film company that owns the copyrights to a large number of pornographic films. It is well known to this Court.

Numerous courts have acknowledged the predatory reputation of litigation such as the case at bar, and the potentially inappropriate procedures being utilized by plaintiffs like Malibu Media to coerce private individuals into settling claims for thousands of dollars rather than face the possibility of public shame[1].

---

[1] "The risk of inappropriate settlement leverage is enhanced in a case like this involving salacious and graphic sexual content where a defendant may be urged to resolve a matter at an inflated value to avoid disclosure of the content the defendant was accessing." *Raw Films, Ltd. v. Does 1-32*, No. 11-cv-00532JAG, 2011 U.S. Dist. LEXIS 149215, *6-7 n.5 (E.D. Va. Dec. 29, 2011).

Defendant respectfully requests that this Court enter an order permitting him to resume his anonymous status in this matter, and seal any documents on file bearing his name. No prejudice to Plaintiff will result from such an order, and the privacy and fairness concerns already acknowledged by judges in this District will be addressed.

II.  ARGUMENT AND CITATION OF AUTHORITY

    A.  Defendant Should Be Permitted To Proceed Anonymously Because His Privacy Interests Outweigh The Public's Interest In Knowing His Identity and all Documents Filed Bearing his Name Should be Sealed.

There exists a presumption that the identity of parties to litigation is public information. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). However, that presumption, including the presumption that there would be prejudice to the opposing party from the concealment, may be rebutted by showing that the harm to the party seeking to proceed anonymously exceeds the likely harm from concealment. *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004). The district court has an independent duty to determine whether exceptional circumstances justify a departure from the normal method of proceeding in federal courts by permitting a party to proceed anonymously. *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997).

Accusations of copying and distributing pornography involve matters of a sensitive and highly personal nature that deserve protection from the public eye. *Sunlust Pictures, LLC v. Doe*, 2012 U.S. Dist. LEXIS 121368 at 5 (N.D. Ill. Aug. 27, 2012); *AF Holdings, LLC v. Doe*, 2012 U.S. Dist. LEXIS 162487 at *3 (N.D. Ill. Nov. 13, 2012). "[R]equests for pseudonymity have been granted when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature. An allegation that an individual illegally downloaded adult entertainment likely goes to [such] matters."

*Third Degree Films*, 2011 U.S. Dist. LEXIS 128030, at *11 (N.D. Cal. November 4, 2011).

It is noteworthy that both *Doe v. City of Chicago* and *Doe v. Blue Cross & Blue Shield United of Wisconsin*, *supra*, involve an attempt by the *plaintiff* to remain anonymous. A major component of the concern about parties proceeding anonymously involves a concern about plaintiffs attempting to access the federal courts without revealing their identities. In this case, however, it is a *defendant* who wishes to proceed anonymously. Where a defendant, who has not voluntarily availed himself of the court, is seeking to proceed anonymously, courts have overwhelmingly ruled in favor of permitting him to do so. See *Malibu Media, LLC v. Reynolds, et al.*, 2013 U.S. Dist. LEXIS 31228 (N.D. Ill. March 7, 2013) (Kendall, V.); *Malibu Media, LLC v. John Does 1-37, 1:12-cv-06674* [Slip Opinion at 1] (N.D. Ill. Jan. 9, 2013) (Feinerman, G.); *Malibu Media, LLC v. Does 1-21*, 2013 U.S. Dist. LEXIS 79433 (N.D. Ill. June 6, 2013); and *Sunlust Pictures, LLC v. Does 1-75*, 2012 U.S. Dist. LEXIS 121368, *14-15 (August 27, 2012) (Tharp, J.) (Holding that a disputed allegation that a John Doe defendant illegally downloaded (and presumably viewed) pornography fit into the framework of other cases in which anonymous litigation was permitted. Id., *citing Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979)).

The parties to this case have reached a settlement. However, Defendant settled in part to stem the possibility of future reputational harm. Defendant also settled at least in part due to his understanding that Plaintiff has stated on numerous occasions that it does not oppose requests for defendants to remain anonymous. Defendant did not retain counsel in this matter until after the Amended Complaint bearing his name was filed and

he was served. Prior to retaining counsel, Defendant was unaware that continued anonymity was something he could request from the Plaintiff or the Court.

Allowing Defendant to return to his anonymous status will not prejudice plaintiff. Defendant respectfully requests that the Court enter an Order granting him leave to resume his anonymous status in this case and sealing any documents filed bearing his name. Defendant's request to seal documents would encompass ECF Nos. 8, 9, 10, 11 and 12 (as well as this document) and would also include a request to redact Defendant's name from the docket and allow him to return to the previous identification as John Doe.

III. CONCLUSION

Defendant has shown good cause as to why he should be permitted to resume his anonymous status. It is also reasonable for Defendant to request that his name be removed from the Court's docket and that the Court seal any publicly filed documents bearing his name.

WHEREFORE, Defendant respectfully requests that the Court enter an Order permitting him to resume his anonymous status, redacting his name from the docket and sealing the filed documents bearing his name as identified above. Counsel for Defendant conferred with counsel for Plaintiff regarding this request and no agreement could be reached.

Respectfully submitted,

/s/ Erin Kathryn Russell
Erin Kathryn Russell

The Russell Firm
233 South Wacker Drive
84th Floor
T: 312-994-2424
F: 312-706-9766
erin@russellfirmchicago.com

CERTIFICATE OF SERVICE

    This is to certify that on July 30, 2014, a copy of the foregoing has been filed with the Clerk of Court via the Court's ECF filing system, thereby serving it upon all counsel of record.

                              /s/ Erin Kathryn Russell