IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) No. 2:13-cv-01230-RTR |
| v. | ) |
| JOHN DOE, | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE OF AUGUST 5, 2014 (CM/ECF 15)**

**I.** INTRODUCTION

Plaintiff, Malibu Media, LLC, would not oppose a *sua sponte* order permitting all doe defendants in the Eastern District of Wisconsin to proceed anonymously. That being said, no such order is currently in place – nor was it in place – at the time Plaintiff named and served the Defendant. Consequently, when Plaintiff named and served the Defendant, it was doing nothing more than following the Federal Rules of Civil Procedure. A party cannot be sanctioned for following the rules. Therefore, Plaintiff respectfully requests that the Court enter an order discharging its order to show cause without sanctioning Plaintiff. Further, should the Court desire, Plaintiff will not oppose a *sua sponte* order filed in all of its Eastern District of Wisconsin cases requiring Plaintiff to refrain from disclosing the identity of Doe Defendants, directing the Clerk of Court to seal summonses, and to take all other and further actions that may be necessary to maintain defendants' anonymity.

1

**II.** THE COURT'S PRIOR DECISION AND ORDER FROM SEPTEMBER 17, 2013 DID NOT IMPOSE ANY AFFIRMATIVE DUTIES ON PLAINTIFF IN CASES OUTSIDE OF THOSE SUBJECT TO THE DECISION AND ORDER

An order is "[a] command, direction, or instruction" or "[a] written direction or command delivered by a court or judge." Black's Law Dictionary (9th ed. 2009). In the Decision and Order handed down to Plaintiff September 17, 2013, Plaintiff was not commanded, directed, or instructed to take any action in any later-filed case. *See Malibu Media, LLC v. Doe*, 2013 WL 5276081, at *1 (E.D. Wis. 2013). Instead, the Court *specifically* addressed the "536 Defendant's" motion to proceed anonymously and Plaintiff's policy of never objecting to such motions. The Court opined that it "sees no reason why the dispensation of anonymity should depend upon whether the defendant has appeared by counsel. There is good cause to allow all of these defendants to proceed anonymously." *Id.* The foregoing opinion is not a directive to Plaintiff to do anything specifically. The Court did specifically direct the Clerk to "seal all of the relevant pleadings in Case No. 13–C–544 and amend the caption of that case to its original form." *Id.* It then stated that "[t]he Court expects that the 779 defendant will remain anonymous going forward." *Id.*

Significantly, neither the language quoted above nor any other language within the Court's Decision and Order commanded, directed, or instructed Plaintiff to take any action whatsoever in future cases. Despite the general statement that "[t]here is good cause to allow all of these defendants to proceed anonymously[,]" Plaintiff understood the language of the Decision and Order to be specific to the cases involved in that matter and directed only the Clerk to take action. This conclusion is bolstered by the Seventh Circuit which holds that "the privilege of suing or defending under a fictitious name should not be granted automatically <u>even if the opposing party does not object</u>." *Doe v. Blue Cross & Blue Shield United of Wisconsin*,

112 F.3d 869, 872 (7th Cir. 1997) (emphasis added). The Seventh Circuit requires an individual analysis on a case-by-case basis. The only words of direct order targeted at Plaintiff were at the end of the Decision and Order and did not relate to the defendant proceeding anonymously. Plaintiff complied with the Court's direct order.

### III. SANCTIONING PLAINTIFF IS UNWARRANTED AND IMPROPER

"In order to hold a party in contempt, the court must be able to point to a decree from the court which 'set[s] forth in specific detail an unequivocal command' which the party in contempt violated." *Ferrell v. Pierce*, 785 F.2d 1372, 1378 (7th Cir. 1986) quoting *H.K. Porter Co. v. National Friction Products,* 568 F.2d 24, 27 (7th Cir.1977). "Civil contempt proceedings are coercive and remedial, but not punitive, in nature and sanctions for civil contempt are designed to compel the contemnor into compliance with an existing court order or to compensate the complainant for losses sustained as a result of the contumacy." *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 738 (7th Cir. 1999) citing *International Union, United Mine Workers of Am. v. Bagwell,* 512 U.S. 821, 826–28 (1994). Thus, "[c]oercive sanctions . . . seek to induce future behavior by attempting to coerce a recalcitrant party or witness to comply with an express directive from the court[,] [while] [r]emedial sanctions . . . seek to compensate an aggrieved party for losses sustained as a result of the contemnor's disobedience . . ." *Id.*

Here, sanctioning Plaintiff is unwarranted and improper because Plaintiff did not violate a specific order and there is no reason or need to coerce Plaintiff into doing something that it would voluntarily do. In other districts where courts have chosen to apply special procedural requirements in Plaintiff's cases, Plaintiff always complies. For example, in Maryland the judges have explicitly required anonymity for all defendants. In the Middle District of Florida Plaintiff must notify each defendant of its intent to name and serve him or her with a complaint

3

no less than fourteen (14) days prior to doing so. In the Southern District of Indiana, Plaintiff is required to name and serve every doe defendant within a limited time frame after receiving the name from the defendant's ISP. Significantly, in the districts where such procedures are required the judges enter the order in *every* case. No such order was entered in this case or imposed by the September 17, 2013 Decision and Order. Should this Court choose to enter an order in Plaintiff's cases going forward, Plaintiff will comply. There is no need to coerce Plaintiff into action.

### IV. PLAINTIFF LACKS STANDING TO REQUEST ANONYMITY ON BEHALF OF A DEFENDANT

Here, it is Defendant's privacy interest that is at stake, not Plaintiff's. As such, the burden of convincing the Court to allow Defendant to proceed anonymously rests on Defendant, the moving party. *See* Fed. R. Civ. P. 26 (c)(1) ("[a] party or any person from whom discovery is sought may move for a protective order . . . .") The Court may also find *sua sponte* that good cause exists to allow the Defendant to proceed anonymously and enter an order directing that he or she be permitted to do so. Plaintiff *never* objects to a defendant proceeding anonymously. Since it is not Plaintiff's privacy interest being protected, however, Plaintiff does not have standing to request that Defendant's identity remain anonymous. Requiring Plaintiff to affirmatively take action to protect a doe defendant's interests erroneously presumes Plaintiff can speak for the defendant and is contrary to the very nature of the adversary system. Without a clear directive requiring it to do so, Plaintiff should not be sanctioned for failing to take upon that obligation.

### V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court abstain from sanctioning Plaintiff.

4

VI. Dated: August 15, 2014

Respectfully submitted,

SCHULZ LAW, P.C.

By: /s/ *Mary K. Schulz*
Mary K. Schulz, Esq.
1144 E. State Street, Suite A260
Geneva, Il 60134
Tel: (224) 535-9510
Fax: (224) 535-9501
Email: schulzlaw@me.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *Mary K. Schulz*